**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA E. HEEBNER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 10-2381 |
| v. | : | |
| | : | |
| NATIONWIDE INSURANCE ENTERPRISE, | : | |
| Defendant. | : | |
| | : | |

**Goldberg, J.**                                                    **September 28, 2011**

## Memorandum Opinion

The primary issue in this case pertains to whether insurance coverage for compensatory damages, provided under an uninsured/underinsured policy, includes delay damages.[1]  This question comes before the Court through Defendant, Nationwide Insurance Enterprise's (hereinafter "Nationwide"), motion to dismiss.  For reasons set forth below, Nationwide's motion will be denied in part and granted in part.

## I.  Factual and Procedural Background

The relevant facts are straightforward and undisputed:

Nationwide provided automobile insurance for Plaintiff, which included uninsured and underinsured (UM/UIM) coverage.  Under both types of coverage, the policy states:

> **We [Nationwide] will pay compensatory damages as a result of bodily injury**
> **suffered by you or a relative and due by law from the owner or driver of an**
> **[uninsured/underinsured] motor vehicle.**

(Compl., Ex. A at 13, 17.)  The policy sets forth definitions for several terms, such as "arbitration," "arbitrator," "uninsured motor vehicle," and "underinsured motor vehicle."  "Compensatory

---

[1] Plaintiff has also alleged a bad faith claim pursuant to 42 Pa. C.S. § 8371.

1

damages," however, is not defined.  The policy also specifically excludes from UM/UIM coverage numerous categories of damages,[2] but none of these exclusions involve delay damages.  Indeed, none of the named exclusions even remotely pertain to any type of "interest" or delay-related damages award.

On February 24, 1997, Plaintiff was involved in an accident with an uninsured/underinsured motorist.  Plaintiff's Amended Complaint describes this motorist as "self insured."  (Compl. ¶¶ 6, 7.)  As is required under Nationwide's policy, Plaintiff sued the motorist and on June 26, 2008, she was awarded $133,201.96.[3]  This award was allocated as $85,000.00 for compensatory damages, and $48,201.96 for delay damages pursuant to Pa. R.C.P. 238 (hereinafter "Rule 238").  Nationwide has paid Plaintiff $85,000.00 in compensatory damages, but refuses to pay the $48,201.96 in delay damages, claiming that it is not liable for such damages under the UM/UIM policy.  (Compl. ¶¶ 6-7, 11, 13-14.)

In response, Plaintiff filed a declaratory judgment action in the Berks County Court of Common Pleas alleging that her insurance policy entitles her to delay damages (Count I).  Plaintiff's

_____

[2] The exclusions set forth under the uninsured and underinsured motorist coverage are: (1) Use of any motor vehicle by an insured to carry persons or property for a fee.  Shared-expense car pools are not considered carrying persons for a fee; (2) Use of any motor vehicle without the owner's permission; (3) Bodily injury of any insured if the insured settles, without our written consent, with a liable party; (4) Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Uninsured Motorists coverage under this policy and bodily injury from being hit by any such motor vehicle; (5) Punitive or exemplary damages; and, (6) Noneconomic loss of any insured who has elected "Limited Tort" in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law.  The uninsured motorist provision has an additional exclusion: Direct or indirect benefits to any workers' compensation carrier or any person qualified as a self-insurer under any workers' compensation law.  (Compl. Ex. A, at 15, 18.)

[3] According to Plaintiff's Brief in Opposition to Nationwide's Motion, this award was ordered by the Honorable Jeffrey Schmehl of the Berks County Court of Common Pleas.

complaint also alleges bad faith on the part of Nationwide due to its refusal to pay the delay damages award (Count II).  (Compl. ¶¶ 17, 22; Compl. Ex. A, at 13, 17.)  On May 20, 2010, Nationwide removed this case to federal court.

## II.  Legal Standards - Motion to Dismiss

When considering a motion to dismiss, the court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the Plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (aff'g Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  "'[B]are-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

## III.  Analysis

As previously noted, the primary issue in this case is whether coverage for "compensatory damages" includes the $48,201.96 awarded to Plaintiff in delay damages.

Plaintiff presses several arguments.  She first asserts that delay damages are "compensatory," pointing to the text of Rule 238, which states that delay damages shall be "added to the amount of compensatory damages . . . and shall become part of the verdict, decision or award." Pa. R.C.P. 238(a)(1).  Plaintiff concludes that because "these particular delay damages were a result of a

compensatory award, the damages awarded under Rule 238 are compensatory."  Plaintiff also notes that the policy defines an "underinsured motor vehicle" as an insured vehicle that has insufficient coverage to pay the damages an insured motorist is entitled to recover.  Because the policy's definition section further explains that Nationwide "will pay damages that exceed such total amount" of coverage, Plaintiff concludes that all damages, including delay damages, should be covered.  Finally, Plaintiff argues that the policy is ambiguous on the issue of whether delay damages are "compensatory."

In urging that delay damages are not covered, Nationwide relies heavily on the text of Rule 238.  In particular, Nationwide focuses on the clause that states that delay damages will be "added to the amount of compensatory damages."  Id.  From this language, Nationwide contends that delay damages must be separate from—and different than—compensatory damages.  Nationwide also asserts that the primary purpose of delay damages is not to compensate, but to encourage quicker settlements and thus lessen the burden on courts.  Lastly, Nationwide claims that the policy is not ambiguous and the absence of coverage for delay damages reflects a clear intent that these types of damages are not covered.

### A.   When Read as a Whole, the Policy is Ambiguous Regarding Whether Delay Damages are Covered.

The interpretation of an insurance contract is a question of law.  Donegal Mut. Ins. Co. v. Baumhammers, 938 A.2d 286, 290 (Pa. 2007).  The United States Court of Appeals for the Third Circuit has set forth several principles of contractual interpretation followed by Pennsylvania courts:[4]

It is well settled that when interpreting a contract, the Pennsylvania courts look to the words of the agreement in order to determine the parties' intent.  Moreover, when

---

[4] It is undisputed that Pennsylvania law applies to this case.

4

> construing an insurance contract, we are bound to give effect to clear and unambiguous language. We are not at liberty to rewrite an insurance contract, or to construe clear and unambiguous language to mean something other than what it says.

State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 717 (3d Cir. 2000) (citations omitted). However, "[w]here a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement." Prudential Prop. & Cas. Ins. Co. v. Sartno, 903 A.2d 1170, 1174, 588 Pa. 205, 212 (Pa. 2006) (internal quotation marks omitted).

A contractual provision is ambiguous if "it is reasonably susceptible to different constructions and capable of being understood in more than one sense." Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 558 (3d Cir. 2008). The provisions of the contract must be read as a whole, and not in a vacuum: "contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." Genaeya Corp. v. Hartco Nat. Ins. Co., 991 A.2d 342, 346-47 (Pa. Super. Ct. 2010). Parties' disagreement as to the meaning of a policy does not make it ambiguous. Insurance Co. of Evanston v. Bowers, 758 A.2d 213 (Pa. Super. Ct. 2000).

Here, the primary focus is on the meaning of "compensatory damages," which is not defined under the policy. A policy term or phrase is not, however, necessarily ambiguous because it is not defined. See e.g. Telecomm. Network Design v. Brethren Mut. Ins. Co., 5. A.3d 331, 336-37 (Pa. Super. Ct. 2010) (finding that, although the word "privacy" was "not defined and [could] imply several meanings," it was not ambiguous because the meaning was clear when read in the context of the policy); Wall Rose Mut. Ins. Co. v. Manross, 939 A.2d 958, 964, ("Although the term 'resident' is not defined in the policy, we do not find it to be ambiguous.")

Nevertheless, while failure to define a term does not necessarily create ambiguity, it can

5

reflect a missed opportunity to clarify an already ambiguous term.  See Ario v. Ingram Micro, Inc.,

965 A.2d 1194, 1201 (Pa. 2009) (finding the term "antecedent debt" in a statute ambiguous based

upon several considerations, including the failure of the General Assembly to define the term, the

parties' competing assertions as to the meaning, and the court's conclusion that both interpretations

were reasonable); Erie Inc. Exch. V. E.L. ex rel Lowry, 941 A.2d 1270, 1277 (Pa. Super. Ct. 2008)

(concluding that, in drafting an exclusion in the insured's policy, insurer could have utilized more

precise language if it intended to preclude coverage).

In the present case, Nationwide's policy defined many terms such as "arbitration," "uninsured

motor vehicle," "arbitrator," and "underinsured motor vehicle."  (Compl., Ex. A, pp. 13, 17.)  It

plainly follows then that if Nationwide desired not to provide coverage for delay damages it could

have easily done so.  Nationwide also chose not to specifically exclude delay damages or pre-

judgment interest of any kind, despite the fact that the policy excluded other types of damages,

including "punitive or exemplary damages."  Additionally, reading the term "compensatory

damages" in context with the remainder of the policy does not, as was the case in Telecomm., render

its meaning clear.  All of these factors indicate ambiguity and weigh against Nationwide's position

that delay damages are not covered.

## B. Pennsylvania Precedent Reflects that Delay Damages are Part of Compensatory Damages

An examination of Pennsylvania precedent regarding delay damages suggests that such

damages are a component of, and not separate from, compensatory damages.

In Laudenberger v. Port Auth. of Allegheny Cnty., 436 A.2d 147 (Pa. 1981), the Pennsylvania

Supreme Court determined that the previous version of Rule 238[5] was procedural and not

---

[5] The Pennsylvania Supreme Court later suspended this version of Rule 238 as
unconstitutional because it provided for payment of delay damages without fault on the part of

substantive, and thus was a constitutional exercise of its rule-making authority.  In so finding, and as it relates to the issues before us, the court recognized that Rule 238 has an incidental affect on the substantive rights of the parties:

> The rule undeniably imposes an additional duty upon defendants in the form of prejudgment interest. But what is the essence of this duty? Rule 238 provides compensation to a plaintiff for delay in receiving the monetary damages owing as a result of a defendant's tort. This serves to indemnify the plaintiff for the money he would have earned on his award if he had promptly received it.

Id. at 154 (footnote omitted).  The court went on to write that "[a]lthough the award for delay of time may be 'in the nature of interest,' in reality, it is merely an extension of the compensatory damages necessary to make a plaintiff whole." Id. (emphasis added).  Thus, in Laudenberger, the court clearly recognized that delay damages have a compensatory purpose, even though that purpose is subordinate to the primary goals of encouraging settlements and lessening the burden on the courts.

The Pennsylvania Supreme Court affirmed the compensatory purpose of delay damages in Colodonato v. Consol. Rail Corp., 470 A.2d 475, 479 (Pa. 1983).  There, the court held that Rule 238 damages should be calculated based on the amount of compensatory damages, but not punitive damages.  The court stated:

> Since punitive damages are intended to punish and not to compensate, they are irrelevant to the concern underlying Rule 238 that tort victims be fully compensated for their losses. As previously quoted, Rule 238 delay damages are in essence "an extension of the compensatory damages necessary to make a plaintiff whole." The supplementation of a compensatory damage award with damages for delayed receipt of such compensation fully satisfies the purposes of the rule.

Id. (quoting Laudenberger, 436 A.2d at 154).

---

the defendant.  Craig v. Magee Mem'l Rehab. Ctr., 515 A.2d 1350, 1353 (Pa. 1986).  The current version of Rule 238, which has a fault component, was enacted in 1988.  See Pa. R.C.P. 238.  In suspending the application of Rule 238, the Craig court made clear that it did not intend to "overrule the rationales of Laudenberger, for they have vitality of their own in the context of the ends sought."  Craig, 515 A.2d at 1353.

7

In <u>Costa v. Lauderdale Beach Hotel</u>, 626 A.2d 566, 570 (Pa. 1993), the court cited to <u>Laudenberger</u> for the proposition that delay damages are, at least in part, intended to be compensatory.  The court wrote that delay damages "do not penalize a defendant that chooses to go to court; they simply do not permit a defendant to profit from holding money that belongs to the plaintiff, by requiring the defendant to compensate the plaintiff for the loss of that money during the time the defendant held it."  <u>Id.</u>  We note that the <u>Laudenberger</u>, <u>Colodonato</u>, and <u>Costa</u> cases were available to Nationwide at the time it offered its policy to Plaintiff.[6]

Thus, even if we were to rely upon Pennsylvania precedent to discern the meaning of compensatory damages as set forth in Nationwide's policy, such precedent favors Plaintiff's position that delay damages are covered.

Nationwide's argument regarding the text of Rule 238, and its specific language that delay damages are "added" to compensatory damages, is also unconvincing.[7]  Nationwide has offered no support for the proposition that "add[ing]" delay damages to a compensatory award means that the two are exclusive.  Indeed, it can be argued with equal force that delay damages are awarded with or "added to" compensatory damages because they are similar to, and not different from,

---

[6] In <u>LaRue v. McGuire</u>, 885 A.2d 549, 554 (Pa. Super. Ct. 2005), the Pennsylvania Superior Court also held that delay damages are "an extension of the compensatory damages necessary to make a plaintiff whole." <u>Id.</u> (quoting <u>Allen v. Mellinger</u>, 784 A.2d 762, 773 (Pa. 2001)) (internal quotation marks omitted).

[7] Pennsylvania Rule of Civil Procedure 238(a)(1) provides:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa. C.S. § 7361, and shall become part of the verdict, decision or award.

8

compensatory damages.  Pennsylvania precedent supports this conclusion and, as noted previously, if Nationwide desired to clearly distinguish delay damages as separate from compensatory damages they could have easily done so.

We recognize that the primary purpose of Rule 238 is to encourage the prompt settlement of cases, "thereby lessening congestion in the courts," and that this purpose may be somewhat attenuated from compensatory damages.  <u>Laudenberger</u>, 436 A.2d at 147, 151 (Pa. 1981). Nonetheless, Pennsylvania courts have also emphasized that Rule 238's additional purpose is to fully compensate a plaintiff for its loss.  <u>Costa</u>, 626 A.2d at 576.

**C.  <u>Nationwide Did Not Act in Bad Faith in Denying Coverage for Delay Damages</u>**

In Count II, Plaintiff claims that Nationwide acted in bad faith pursuant to 42 Pa. C.S. § 8371 for failing to cover delay damages.

Pennsylvania's bad faith statute provides that "if the court finds that the insurer has acted in bad faith toward the insured," then the court may award interest, punitive damages, and attorney fees against the insurer.  42 Pa. C.S. § 8371.  In order to make out a bad faith claim, a plaintiff must show that: (1) the defendant lacked a reasonable basis for denying benefits under the policy; and (2) the defendant knew of or recklessly disregarded its lack of reasonable basis in denying the claim. <u>UPMC Health Sys. v. Metro. Life Ins. Co.</u>, 391 F.3d 497, 505 (3d Cir. 2004).  These elements must be proven by clear and convincing evidence.  <u>Polselli v. Nationwide Mut. Ins. Co.</u>, 524, 532 (3d Cir. 1997).

As it relates to coverage cases such as the one at issue, "[b]ad faith cannot be found where the insurer's conduct is in accordance with a reasonable but incorrect interpretation of the insurance policy and the law." <u>Emp'rs Mut. Cas. v. Loos,</u> 476 F. Supp. 478, 492 (W.D. Pa. 2007) (citing

9

Bostick v. ITT Hartford Grp., 56 F.Supp.2d 580,587 (E.D. Pa.1999)).  Pennsylvania law does not automatically equate an insurance company's erroneous interpretation of an insurance contract as bad faith.  Bostick, 56 F.Supp.2d. at 587.

Here, Plaintiff does not allege that Nationwide's investigation constituted bad faith nor does Plaintiff claim that the issue of bad faith depends on the truth or falsity of particular facts.  Rather, Plaintiff's bad faith allegations are essentially premised upon Nationwide's refusal to cover delay damages.  (Am. Compl., ¶¶ 18-22.)

Although we disagree with Nationwide and conclude that delay damages are covered, we are unable to agree with Plaintiff that Nationwide's interpretation of the policy is so unreasonable that it amounts to bad faith.  It is notable that neither party has cited to a case directly on point regarding whether delay damages are covered under the policy at issue.  Thus, even when viewed in the light most favorable to Plaintiff, we conclude that Plaintiff's allegations of bad faith are not "facially plausible."   Therefore, we will dismiss Count II - Bad Faith.

An appropriate order follows.